PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 1992 Ford Ranger struck a hole while they were traveling on Route 91 near Farmington, Marion County. Route 91 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred around 10:00 a.m. on June 2, 2004, a clear and dry day. Route 91 is a two-lane highway at the area of the incident involved in this claim. Claimant Sandra Sliger testified that she was driving on Route 91 when she saw the hole. She stated that she had seen the hole previously but had been able to avoid it on other occasions. Ms. Sliger stated that she was unable to avoid it due to oncoming traffic. Claimant testified that the hole was between six and twelve inches deep and several feet wide. Claimants’ vehicle struck the hole sustaining damage to the A-frame totaling $221.92.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 91 at the site of the claimant’s accident for the date in question.
Don Steorts, County Administrator for the respondent in Marion County, testified that he had no knowledge of any holes on Route 91 near Faimington for the date in question or the days immediately prior. Mr. Steorts stated that there were no records of either complaints concerning the condition of the road or any maintenance done on this stretch of road for two weeks prior to claimant’s incident or two weeks after. Respondent maintains that it had no actual or constructive notice of any holes on Route 91.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimants’ vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and the time of the year in which claimants’ incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in this claim in the amount of $221.92.
Award of $221.92.